UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TEODORO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-209 |
| | § | |
| OFFICER JORDAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Tedora Gonzalez, (TDCJ #1530151), an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), brought this civil rights lawsuit alleging negligence by defendant Jordan. Having carefully reviewed the complaint and more definite statement as required by 28 U.S.C. § 1915A, the Court dismisses this case for the reasons set forth below.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

On April 28, 2010, Gonzalez, while being escorted (handcuffed and leg-shackled) by Officer Jordan to his interview with a member of the Texas Board of Pardons and Paroles, fell down on the concrete floor and allegedly suffered facial lacerations and a right knee injury.

Gonzalez was examined in the infirmary and was prescribed ibuprofen. He alleges that he fell because Officer Jordan was negligent in failing to follow security escort procedures (set forth in the "Executive Directive" TDCJ safety policy), which allegedly state that officers must take proper precautions to prevent injuries and more than one officer must escort each inmate.

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). Gonzalez contends that his injuries were caused by Officer Jordan's negligence. While this may be true, the Court will also examine whether Gonzalez's rights were violated under the Eighth Amendment, which prohibits cruel and unusual punishment.

Under the Eighth Amendment, prison officials must provide inmates humane conditions of confinement; ensure that inmates received adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 8-10 (1992). A plaintiff must show that the official had the "subjective intent" to cause harm; mere negligence is not enough. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

Deliberate indifference is a stringent standard of fault and requires proof that an official disregarded a known or obvious consequence of his action. *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011). The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent

oversights." *Southard v. Tex. Bd. Of Crim. Justice,* 114 F.3d 539, 5551 (5th Cir. 1997). Here, the circumstances do not support a claim that Officer Jordan deliberately rushed Gonzalez in a deliberate attempt to make him fall. Jordan was escorting Gonzalez to an appointment with a member of the parole board, and he fell. An allegation that she "rushed" Gonzalez, or that he felt "rushed and fell, simply does not represent a deliberate effort to cause Gonzalez harm. At most, the incident represents an isolated failure by Office Jordan to escort Gonzalez in compliance with prison policy, and violations of TDCJ policy do not, standing alone, demonstrate a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006).

The court finds that Gonzalez's claim, even if accepted as true, does not rise to the level of deliberate indifference (to a known substantial harm) required to establish a constitutional violation. *See Payne v. Parnell*, 246 F. App'x 884, 890 (5th Cir. 2007) (inmate had no failure to protect claim against prison officers who were unaware of any substantial risk posed prior to the incident in question). The court also finds that the facts alleged do not support a finding that Jordan's conduct was sufficiently harmful enough to deprive Gonzalez of life's basic necessities. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991). The fact that Gonzalez fell on only one occasion while being escorted by Officer Jordan, in and of itself, fails to state a constitutional violation. Although Gonzalez claims that he fell because he was "rushed," the court finds that rushing an inmate who is wearing shackles to an appointment does not, without more, create a substantial risk of serious harm. Gonzalez's Eighth Amendment claim is without merit.

For the foregoing reasons, this case is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

All pending motions are **DENIED**.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

It is so **ORDERED.**

SIGNED on this 14th day of August, 2014.

_____
Kenneth M. Hoyt
United States District Judge